FILED
Sep 09, 2025
02:00 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Christopher Oakes | Docket No. 2023-03-4913 |
| v. | State File No. 41257-2023 |
| Duracap Asphalt Paving Company, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims Lisa A. Lowe, Judge | |

---

### Affirmed and Remanded

---

In this appeal, the employer asserts the trial court's decision to grant the employee's motion for a continuance and hold its motion for summary judgment in abeyance was an abuse of discretion. The employer also contends the trial court erred by referring it for penalties as a result of noncompliance with a previous order. In granting the employee's motion to continue, the court noted that although it set a deadline for the employee to serve written discovery, it did not issue a full scheduling order or set any additional discovery or proof deadlines. The court determined that the employer's motion for summary judgment was premature and ruled that it would hold the motion in abeyance "pending issuance of a full scheduling order." The court also determined the employer failed to comply with its prior order compelling it to allow the employee to return to his authorized provider. As a result, the court concluded the employer's actions had "deprived" the employee of the ability to get information necessary to respond to the employer's dispositive motion. The employer has appealed. Upon careful review of the record and consideration of the pertinent statutes and regulations, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Gregory H. Fuller and Brayden Hunter, Brentwood, Tennessee, for the employer-appellant, Duracap Asphalt Paving Company, Inc.

Christopher Oakes, New Market, Tennessee, employee-appellee, pro se

**Factual and Procedural Background**

Christopher Oakes ("Employee") was driving a dump truck for Duracap Asphalt Paving Company, Inc. ("Employer"), on June 5, 2023, when he began choking on food. After opening the driver's side door to vomit, he lost consciousness and fell out of the vehicle onto his head. Employee was transported by ambulance and seen at the University of Tennessee Medical Center's Emergency Room. Medical records reflect he provided a history of driving when he "began to choke on his food . . . pulled off to the side of the road and was beginning to vomit [and] he open[ed] the truck door so that he could vomit outside the truck and he subsequently had loss of consciousness and fell out of the truck striking his head on the ground." Employee reported that his truck then began to roll backwards, so he attempted to get up and "stop it and was unable to remain standing and fell a second time." He complained of headache and low back pain, and his examination revealed he had an abrasion on the top of his head. A CT scan of his spine revealed a compression fracture in his low back at L1 and degenerative changes in his cervical spine.

On August 9, 2023, Employee filed a petition for workers' compensation benefits. Although Employer issued a notice of denial at the end of that month, asserting Employee's injury was idiopathic in nature and that he was not entitled to workers' compensation benefits, it later provided a panel of orthopedists, from which Employee selected Dr. Paul Johnson.

Employee first saw Dr. Johnson on March 8, 2024. He provided a history of driving a dump truck for an asphalt company and, on the date in question, passing out before falling out of the truck. Dr. Johnson noted Employee had no history of similar complaints and described "pain in his neck[,] . . . shoulder, arm, forearm on the left . . . [and] quite a bit of axial mechanical pain in his lumbar spine." Dr. Johson recommended MRIs of his cervical and lumbar spine "given his neck and upper extremity radicular pain." He also suggested that the lumbar compression fracture, which appeared on Employee's CT scan from the previous June, had still not healed. Employee was assigned work restrictions and told to return after the MRIs were performed.

Later that month, Employee returned for a follow-up appointment to discuss the results of his cervical and lumbar MRIs. The imaging from his cervical MRI demonstrated "diffuse degenerative changes" and mild stenosis at C4-5. Employee's lumbar MRI revealed a "healed compression fracture at L1" and bilateral L5 spondylolysis. Dr. Johnson discussed the imaging with Employee and recommended a physical therapy program with respect to his lumbar spine condition. He also noted that Employee's "neck and shoulder girdle discomfort could be treated with physical therapy[,] injections[,] or operative care." Dr. Johnson's report indicated he explained to Employee that "the changes seen on his MRI[,] particularly in his cervical spine[,] preexisted his injury."

According to Dr. Johnson's April 9 report, Employee reported having completed some physical therapy but indicated no improvement in his symptoms.[1] He complained of ongoing neck and low back pain and expressed a desire to be "pain-free." Dr. Johnson told Employee that he "is a very poor candidate for surgical care" and that it was "unlikely that surgical management would alleviate his symptoms." Employee requested that Dr. Johnson refer him to one of his partners within his practice group for surgery, but Dr. Johnson declined. He stated that he had nothing else to offer Employee and released him from active care, placing him at maximum medical improvement. He noted that the "[workers'] compensation carrier may want to consider sending [Employee] to see someone for another opinion as he requested repeatedly to be treated surgically." A Final Medical Report (Form C-30A), dated May 8, 2024, reflected that Employee had reached maximum medical improvement, retained no permanent impairment, and would not need future treatment for his work-related injury.

Thereafter, Employee requested a second opinion regarding surgery, which Employer denied. Employee filed a motion to compel a second opinion and, in a decision on the record, the court issued an order on July 15 denying Employee's request for a second opinion examination because the authorized treating physician did not recommend surgery. The court stated, however, that Employee could return to the authorized treating physician, Dr. Johnson.

After attempting to schedule a follow-up visit, Employee was told that Dr. Johnson would not see him again. As a result, he requested a new panel of doctors. Employer provided two subsequent panels from which Employee selected Dr. Luke Madigan and Dr. Patrick Bolt, respectively, but neither physician would agree to evaluate or treat Employee. On September 17, 2024, Employer provided Employee a third panel, from which he selected Dr. Daniel Wells.

On October 23, Employer filed a motion for a scheduling hearing, to which Employee objected. In an order entered on November 4, the court noted that Employer remained obligated to provide authorized medical care and must find a panel-selected provider that will agree to evaluate and, if necessary, treat Employee. The court further noted that a status hearing was already set for November and, at that hearing, "the Court is agreeable to setting deadlines for written discovery and fact witness depositions. However, since the court-ordered evaluation has not occurred, it is premature to set the compensation hearing and associated deadlines at this time." Accordingly, the court granted Employer's motion in part and agreed to set deadlines for written discovery and fact witnesses. However, the court denied Employer's request to set a compensation hearing and other deadlines.

---

[1] During a subsequent hearing, however, Employee testified he did not attend physical therapy.

On November 12, both parties participated in a status hearing. During that hearing, Employer advised the court that the recently selected panel physician, Dr. Wells, declined to see Employee and that it was in the process of compiling another panel to send to Employee. With respect to the status of discovery, the court noted that Employee had already been deposed and had responded to written discovery, although three discovery requests remained outstanding. The court instructed Employee to respond to those questions by November 29, 2024, and it set another status hearing for January 21, 2025. Employee provided those responses on November 24, and Employer deposed Dr. Johnson on Monday, December 16.[2]

The court held another status hearing on January 15, 2025, and Employer advised the court that Employee had not selected a doctor from a fifth panel of physicians. Employee responded by explaining he had sustained a new work injury while working for Employer and wanted to be seen for that first. He noted that Tennessee Orthopedic Clinic ("TOC") indicated they would be willing to see him and requested that they be included in the most recent panel offered by Employer. In an order issued on January 21, the court noted that counsel for Employer had agreed to consult with his client and either provide a revised panel that included TOC or the current panel for selection of a new treating physician.

On March 5, Employer filed a motion for an amended scheduling order and for clarification, noting that the court had not entered a scheduling order. At a March 25 status hearing, Employee told the court that he had selected a physician and was waiting on information from Employer regarding when the appointment was scheduled. In an order entered later that same day, the court noted that Employer had filed a motion for an amended scheduling order and that Employee had provided discovery responses to Employer. The court set additional discovery deadlines, including an April 25, 2025 deadline for Employee to serve written discovery on Employer. The court stated that "[t]he parties indicated there is no need to set a deadline for fact witness depositions at this time." It then noted that because Employee "has yet to be seen for evaluation with an authorized physician, [it] is unable to set additional deadlines for completion of medical proof, post-discovery [alternative dispute resolution], or Compensation Hearing." The court scheduled another status hearing for April 29.

Thereafter, Employee filed a motion for an extension of time to propound written discovery on Employer, noting he did not have access to a computer or internet during a

---

[2] Employee filed a motion to reschedule the deposition of Dr. Johnson on Friday, December 13, at approximately 4:00 p.m. The following Monday, Employee did not appear for the deposition, and Employer proceeded with the deposition because Dr. Johnson was retiring soon thereafter. The court then denied Employee's motion to reschedule the deposition in an order issued on December 30, concluding that, because Employee had been provided a reasonable opportunity to appear and cross examine Dr. Johnson, Employee's motion was moot.

period of time he was away on a job. The court granted the motion and ordered Employee to serve Employer with written discovery by May 19.

On May 9, Employer filed a motion for summary judgment along with a statement of undisputed material facts and a memorandum of law. The motion reflected a hearing date of July 1, 2025. On June 10, Employee filed a motion seeking a continuance of the summary judgment hearing. Specifically, he requested that the hearing be rescheduled until after he was seen by his new authorized treating physician and after he had received Employer's responses to his discovery requests sent on May 19. In an attached affidavit, Employee argued, in relevant part:

> The court made it clear and ordered that the Employer was to schedule an appointment with a new authorized treating physician as soon as possible. As of today, June 10, 2025, no appointment has been scheduled. As of today, June 10, 2025, I have yet to be seen for a consultation . . . about physical therapy or any other necessary treatment. As of today, June 10, 2025, no responses have been made to the discovery requests I had sent on May 19, 2024, from the Employer. At this time, I feel that I do not have everything needed to complete the summary judgment hearing . . . .

Employer objected to Employee's motion for a continuance, arguing that Employee is not entitled to any further medical treatment "as [his] alleged injury has been ruled to be non-work related" and asserted the "discovery objection shall be moot by the time of the hearing for the motion for summary judgment."

On June 20, the court granted Employee's motion for a continuance, emphasizing that, on March 25, it set a deadline for Employee to serve Employer with written discovery but did not set any additional deadlines or issue a full scheduling order.[3] The court determined that Employer's motion for summary judgment was premature and stated that it would hold the motion in abeyance "pending issuance of a full scheduling order." The court also found that Employer failed to comply with its July 2024 order wherein it ordered Employer to provide additional authorized medical treatment for Employee's low back and possible aggravation of his preexisting neck condition. The court noted that the original authorized physician, Dr. Johnson, had retired, and Employer had offered multiple panels, but no physician had yet agreed to evaluate Employee. As a result, Employer's failure to comply with its order "deprived [Employee] of the potential ability to obtain information

---

[3] Tenn. Comp. R and Regs. 0800-02-21-.18(1)(b) provides: "The Court of Workers' Compensation Claims will not entertain a motion for summary judgment until after a judge issues a scheduling order."

needed to respond to the motion for summary judgment." As a result, the court granted Employee's request for a continuance.[4] Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). A trial court "has the necessary discretion to control the pace of litigation through the use of case supervision and docket management." *Valladares v. Transco Products, Inc.* Nos. 2015-01-0117, 2015-02-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016). When the trial court has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law and are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

In its notice of appeal, Employer asserts the trial court abused its discretion in granting Employee's motion for a continuance and incorrectly applied Tenn. Comp. R. and Regs. 0800-02-21-.18 and 0800-02-21-.15(3) when it held Employer's motion for summary judgment in abeyance and cancelled the scheduled hearing. Employer also contends the trial court incorrectly applied Tenn. Comp. R. and Regs. 0800-02-21-.19 when it found Employer was in violation of its expedited hearing order.[5]

---

[4] The court also referred Employer to the Compliance Program for an evaluation of whether penalties were appropriate for Employer's failure to provide medical treatment as ordered by the court. We have no jurisdiction to review that decision. *See* Tenn. Code Ann. § 50-6-118(c) (2024).

[5] Employee filed two motions asking us not to consider certain arguments in Employer's brief because they rely on transcripts from previous hearings and on a deposition transcript that had not been provided to the trial court for review. Any documents not submitted to and considered by the trial court will not be considered on appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2023); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge."). We consider all references to such

An abuse of discretion occurs if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). "Whether a court applied an incorrect legal standard is a question of law that is reviewed de novo." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019).

As the Tennessee Court of Appeals has explained in addressing an appellate court's review under this standard:

> We do not second-guess the court below or substitute [our] discretion for the lower court's. Instead, we consider (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. We uphold the trial court's ruling as long as reasonable minds can disagree as to [the] propriety of the decision made.

*Plofchan v. Hughey*, No. M2021-00853-COA-R3-CV, 2024 Tenn. App. LEXIS 6, at *10-11 (Tenn. Ct. App. Jan. 5, 2023) (internal citations and quotation marks omitted).

Here, Employer asserts that, because the trial court issued an order setting certain deadlines for discovery, it "effectively created a partial scheduling order," and neither Tenn. Comp. R. and Regs. 0800-02-21-.18 nor 0800-02-21-.15(3) specify whether a full or partial scheduling order is required to file a motion for summary judgment. As a result, Employer argues that its motion should not have been held in abeyance.

We conclude that Employer misconstrues the language of the pertinent regulation. Nothing in Tenn. Comp. R. and Regs. 0800-02-21-.18(1)(b) prevents a party from *filing* a motion for summary judgment. Instead, that rule gives a trial court guidance and discretion as to when it should *entertain* such a motion. Despite Employer filing its dispositive motion, selecting a hearing date, and displaying it on the face of the motion, as required by Tenn. Comp. R. and Regs. 0800-02-21-.18(1)(c), nothing prevented the trial court from postponing and/or re-scheduling that hearing. In fact, in circumstances where the non-moving party has been unable to "present by affidavit facts essential to justify the opposition" to the motion, Tennessee Rule of Civil Procedure 56.07 specifically authorizes a court to "refuse the application for judgment or . . . order a continuance to permit

---

documents in Employer's filings to be argument of counsel, which is not evidence. *See Brown v. Hassler*, No. E2019-01801-COA-R3-CV, 2020 Tenn. App. LEXIS 252, at *4 (Tenn. Ct. App. May 29, 2020) ("It is well settled that statements of counsel are not evidence or a substitute for testimony." (internal citation omitted)). Thus, we grant Employee's motions to the extent that the record on appeal contains information or documentation that was not properly admitted into evidence and considered by the trial court.

affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Tenn. R. Civ. P. 56.07.  Thus, a trial court has broad discretion to decide at what point in the course of litigation it will entertain a dispositive motion.  *See Oldham v. Freeman Webb Co. Realtors*, No. 2022-03-0420, 2024 TN Wrk. Comp. App. Bd. LEXIS 8, at \*16 (Tenn. Workers' Comp. App. Bd. Mar. 6, 2024) ("[A] trial court must balance the interests of both parties, give each side a reasonable and meaningful opportunity to prepare for the motion hearing, and set the hearing as expeditiously as it deems appropriate under the circumstances of the case.").

In the present case, the trial court clearly communicated to both parties as early as November 2024 that, although it was agreeable to setting deadlines for written discovery and fact witness depositions, it was not amenable to scheduling a compensation hearing and associated deadlines until Employer had complied with its order to provide Employee additional medical care.  Further, in its March 2025 order, the court also noted that because Employee "has yet to be seen for evaluation with an authorized physician, [it] is unable to set additional deadlines for completion of medical proof, post-discovery [alternative dispute resolution], or Compensation Hearing."

As we have previously stated, trial courts are tasked with managing their dockets and controlling the pace of litigation.  *See, e.g.*, *Sissom v. Bridgestone/Firestone, Inc.*, No. M2011-00363-WC-R3-WC, 2012 Tenn. LEXIS 411, at \*3 n.2 (Tenn. Workers' Comp. Panel June 20, 2012) ("trial judges have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of . . . cases"); *Lewis v. Dana Holding Corp.*, No. W2010-01863-WC-R3-WC, 2011 Tenn. LEXIS 461, at \*9 (Tenn. Workers' Comp. Panel June 6, 2011) ("[a] trial court has broad discretion in managing its courtroom and docket").  Although Employer focuses its argument on whether it is entitled to a summary judgment hearing after a court enters a partial versus full scheduling order, we conclude the central question is simply whether the trial court abused its discretion in granting Employee's motion for a continuance and holding the motion for summary judgment in abeyance under the circumstances presented in the case as contemplated in Rule 56.07.  The trial court clearly articulated its rationale for not setting additional deadlines or issuing a full scheduling order, and it clearly stated that Employer's compliance with the court's prior order was a prerequisite to moving forward with a full scheduling order.  In short, Employer has not shown an abuse of discretion, and we discern none.

## Conclusion

For the foregoing reasons, the trial court's order is affirmed, and the case is remanded to the trial court.  Costs on appeal are taxed to Employer.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Christopher Oakes | Docket No.  2023-03-4913 |
| v. | State File No.  41257-2023 |
| Duracap Asphalt Paving Company, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims Lisa A. Lowe, Judge | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of September, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Gregory H. Fuller Brayden R. Hunter | | | | X | ghfuller@mijs.com brhunter@mijs.com |
| Christopher Oakes | | | | X | theuniquerabbit3@yahoo.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov